**J. Howard ZEH, Appellant,**

v.

**David B. SINGLETON, Appellee.**

**No. B14–82–182CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 17, 1983.

Russell T. Van Keuren, Houston, for appellant.

Arthur M. Glover, Jr., Jack McKinley, Hicks, Hirsch, Glover & Robinson, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This appeal arises from a suit brought by J. Howard Zeh, individually, and as next friend of Jim Zeh, a minor, to recover damages for personal injuries sustained by said minor. The case was tried to a jury, and judgment was rendered decreeing that appellants take nothing by their suit against appellee. Appellants base their appeal on three alleged points of error. We find no error in the judgment below, and therefore overrule all alleged points of error and affirm the judgment of the trial court.

Appellants' three points of error basically question the method and procedure utilized by the trial judge in conducting the voir dire examination in the 11th District Court. Counsel in that court are directed to proceed as follows on voir dire:

1. Opening statement by plaintiff's attorney, introduction of Plaintiff(s).

2. Opening statement by defendant's attorney, introduction of defendant(s).

3. *General* questions by plaintiff's attorney.

4. *General* questions by defendant's attorney.

5. Specific questions by attorneys, *if necessary.*

The Texas Rules of Civil Procedure do not address the manner in which voir dire examination of the jury panel is to be conducted, leaving this to the sound discretion of the Trial Judge. The rules, as quoted above, are clearly stated and rationally related to the object of the voir dire examination. Large discretion is vested in the trial court and its rulings will not be disturbed by a reviewing court except for a manifest abuse of discretion. On appeal the presumptions are in favor of the regularity of trial proceedings. *Leatherwood v. Holland,* 375 S.W.2d 517, 522 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.).

The appellants have the burden of pointing to specific case law or rules violated by the Trial Court in its rulings. Appellants offer no reasons to justify their con-

clusion that the Court's handling of the voir dire process had a prejudicial impact on the jury, or that if affected the jury's verdict Appellant's Brief is devoid of citations to circumstances that might suggest that what occurred in this case was error. Furthermore, not only do Appellants give no authority for the proposition that the alleged error is reversible, but they do not even attempt to argue that it is reversible error. Appellants have chosen to bring to this Court a Statement of Facts consisting of only the voir dire examination, leaving this Court no basis for determining whether the remainder of the proceedings and evidence adduced therein is consistent with a finding that the alleged error probably caused the rendition of an improper verdict. No presumption of prejudice arises from erroneous Trial Court rulings; appellants must show that the error probably caused an improper judgment. *Smith v. Smith,* 620 S.W.2d 619, 625 (Tex.Civ.App.—Dallas 1981, no writ) (Opinion of Rehearing).

■ Appellants have offered this Court no basis for concluding that any error it might find probably resulted in an improper verdict, and have therefore failed to sustain their burden of showing that the trial court erred and abused its discretion in formulating and enforcing a set of rules for voir dire examination. Even if the trial court did commit error, appellants have not proven that the error was harmful and that it probably caused the rendition of an improper judgment.

The judgment is affirmed.