TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00201-CV






Thomas Retzlaff, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 163,613-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 







 This case involves the involuntary termination of the parent-child relationship
between appellant Thomas Retzlaff and his two children. Following a jury trial, the jury returned
a verdict in favor of termination and the trial court ordered the termination of the parent-child
relationship between Retzlaff and the children. In seven points of error, Retzlaff asserts that the
trial court made several erroneous evidentiary rulings and violated his constitutional rights; he also
challenges the legal and factual sufficiency of the evidence supporting termination. We will affirm
the trial court's decree ordering termination of the parent-child relationship between Retzlaff and
his two children.


BACKGROUND


 This cause was originally brought as a divorce proceeding between Retzlaff and
his wife, Denise Retzlaff, on March 11, 1997. On March 19, appellee the Texas Department of
Protective and Regulatory Services (the "Department") filed its original petition in suit affecting
parent-child relationship for protection of the Retzlaffs' two children, who were then nine and
seven. The two suits were consolidated on September 3, 1997.

 On October 2, 1997, the Department filed a petition for intervention seeking to
terminate Thomas Retzlaff's parental rights and to appoint Denise Retzlaff as Managing
Conservator of the two children. The Department sought termination under chapter 161 of the
Texas Family Code on the grounds that Retzlaff (1) knowingly placed or allowed the children to
remain in conditions or surroundings which endangers their physical or emotional well-being, (2)
engaged in conduct or knowingly placed the children with persons who engaged in conduct which
endangers their physical or emotional well-being, (3) failed to support the children in accordance
with his ability during a period of one year ending within six months of the date of the filing of
the petition, and (4) continuously refused to submit to a reasonable and lawful order of a court
under section 261.301 of the Family Code.

 The termination proceedings were tried before a jury on January 12, 1998. The
jury returned a unanimous verdict on January 16 on the grounds that Retzlaff had committed at
least one of the grounds of involuntary termination under section 161.001 of the Family Code, and
that it was in the best interest of the children that the parent-child relationship between Retzlaff
and his children be terminated. A decree of termination was signed by the trial court on January
22, 1998. On that same date, the court severed the Department's action seeking termination from
the remainder of the divorce proceedings. Retzlaff now appeals the trial court's decree of
termination.


DISCUSSION


Admission of Videotape and Photographs

 In point of error one, Retzlaff contends that the trial court abused its discretion in
admitting a video tape depicting him brutally sodomizing his wife in the living room while their
children were in adjacent bedrooms, and in admitting photographs of other sexually explicit
materials found in Retzlaff's home. Retzlaff argues that the video tape is not a true and complete
depiction of the event as it took place because it was edited from two hours to fifteen minutes to
emphasize his harsh behavior. Showing this edited tape to the jury, he asserts, so prejudiced the
jury against him that he could not receive a fair trial. In addition, Retzlaff contends that the
pornographic magazines found in his home were photographed in a prejudicial manner. 
Specifically, he asserts that the photographs show magazines that were spread on the floor, which
is not the manner in which they were found. 

 Texas Rule of Evidence 403 provides that "evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence." Tex. R. Evid. 403. The Department argues that Retzlaff failed to preserve
error by failing to renew his Rule 403 objection when the video tape was offered into evidence and
by failing to make a Rule 403 objection when the photographs of pornographic materials were
offered into evidence. After careful review of the record, we conclude that Retzlaff did renew his
Rule 403 objection when the video tape was offered into evidence, but he failed to raise a Rule 403
objection based on unfair prejudice at the time the photographs were offered into evidence. 
Therefore, Retzlaff has waived error on appeal as to the photographs only.

 Video tapes are considered photographs for purposes of the evidentiary rules. See
Kephart v. State, 875 S.W.2d 319, 321 (Tex. Crim. App. 1994). "When a photograph is a proper
representation of an important fact issue, the admission or rejection of it is a matter which rests
largely within the discretion of the trial judge, and that decision will not be disturbed on appeal
unless an abuse of discretion is shown." Fibreboard Corp. v. Pool, 813 S.W.2d 658, 671 (Tex.
App.--Texarkana 1991, writ denied) (citing Richardson v. Missouri-K.-T.R. Co. of Texas, 205
S.W.2d 819, 824 (Tex. Civ. App.--Fort Worth 1947, writ dism'd)). Because the scene depicted
on the tape is the consensual act of a married couple, Retzlaff argues, it has no probative value. 
Further, he claims, the way in which it is edited is extremely prejudicial because it places him in
the worst possible light. We disagree.

 The video tape has probative value in that it shows the children's exposure to
Retzlaff's inappropriate sexual behavior. Other evidence presented at trial proves that at the time
the tape was made, the children were in adjacent bedrooms and could have entered the living room
while the video was being made. Such evidence directly relates to the issue of Retzlaff's knowing
placement of his children in circumstances or surroundings which endangered their physical or
emotional well-being. Even if we assume that the editing of the tape rendered it prejudicial, we
conclude that the risk of unfair prejudice does not substantially outweigh the probative value of
the evidence depicted on the tape. The video tape evidence is cumulative of other evidence that
was admitted at trial, including the testimony of both Denise Retzlaff and of one of the children. 
Further, Retzlaff could have cured any error by offering the unedited version of the video tape into
evidence or by testifying as to what really took place. Retzlaff's first point of error is overruled. 


Admission of Expert Testimony

 In his second, third, and fifth points of error, Retzlaff challenges the admission of 
the expert testimony of Dr. Frank Pugliese. He contends that the trial court abused its discretion
in (1) allowing the speculative testimony of Dr. Pugliese that was not properly disclosed prior to
trial, (2) failing to appoint an independent expert to review Dr. Pugliese's testimony, and (3)
failing to grant a mistrial. 

 First, Retzlaff argues that Dr. Pugliese's testimony should have been excluded
under the Texas Rules of Civil Procedure because the Department failed to supplement its
discovery responses to include the subject matter of Retzlaff's alleged pedophilic tendencies. Rule
166b of the Texas Rules of Civil Procedure, in effect at the time of the trial in this case, provides
in pertinent part: 


A party may obtain discovery of the identity and location . . . of an expert who
may be called as an expert witness, the subject matter on which the witness is
expected to testify, the mental impressions and opinions held by the expert and the
facts known to the expert . . . which relate to or form the basis of the mental
impressions and opinions held by the expert.


Tex. R. Civ. P. 166b(2)(e)(1) (since repealed). Under Texas Rule of Civil Procedure 215, "[a]
party who fails to respond to or supplement his response to a request for discovery shall not be
entitled to present evidence which the party was under a duty to provide in a response or
supplemental response." Tex. R. Civ. P. 215(5) (since amended). Retzlaff filed a "Second
Motion to Compel Production of Documents and Motion for Sanctions under rule 215 TRCP" on
August 12, 1997. However, he failed to obtain a ruling from the trial court on his motion before
trial. "[F]ailure to obtain a pretrial ruling on discovery disputes that exist before commencement
of trial constitutes a waiver of any claim for sanctions based on that conduct." Remington Arms
Co., Inc. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993).

 Even assuming Retzlaff did not waive his claim for sanctions, we conclude that the
Department adequately informed Retzlaff regarding the subject matter of Dr. Pugliese's testimony. 
In response to Retzlaff's discovery requests, the Department listed the subject matter of Dr.
Pugliese's testimony as "Thomas C. Retzlaff's psychological examination, mental state, and
suitability as a father," and the "[p]sychological and mental status of Respondent." His evaluation
of Retzlaff, which was admitted by the trial court without objection, discussed Retzlaff's
pedophilic tendencies. Therefore, the Department sufficiently notified Retzlaff that Dr. Pugliese's
testimony would address such pedophilic tendencies.

 Retzlaff also argues that Dr. Pugliese's testimony is speculative. In Daubert v.
Merrell Dow Pharmaceuticals, Inc., the United States Supreme Court considered "the standard
for admitting expert scientific testimony in a federal trial." 509 U.S. 579 (1993). Daubert's focus
is on the trial court's discretion, when faced with an objection to scientific evidence, to admit or
exclude such evidence before or during the trial. The Supreme Court added that when the trial
court concludes that the disputed scientific evidence is insufficient to go to the jury, the trial court
may grant a summary judgment or a directed verdict. Id. at 595. However, Daubert does not
support the proposition that a reviewing court can in effect exclude expert testimony that was not
objected to based on its scientific reliability before trial or when it was offered at trial and then
render judgment against the offering party. The Texas Supreme Court too has recently held that
if a party wants to object to expert testimony on Daubert grounds, the party has to make that
objection either pretrial or at least when the testimony is offered at trial and not later. See 
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 409 (Tex. 1998). In this case, Retzlaff did
not object to the reliability of Dr. Pugliese's testimony prior to the Department's offer at trial. 
Accordingly, his claim of error is waived.

 Next, Retzlaff argues that the trial court erred (1) in refusing to grant his request
for an independent expert to review Dr. Pugliese's testimony or to allow Retzlaff additional time
to review Dr. Pugliese's testimony and (2) in denying his motion for mistrial. We review the trial
court's denial of a mistrial for an abuse of discretion. See Pitman v. Lightfoot, 937 S.W.2d 496,
537 (Tex. App.--San Antonio 1996, writ denied). In addition to showing an abuse of discretion,
the appellant must also show that the trial court's error was reasonably calculated to cause and
probably did cause rendition of an improper judgment in the case. See id. Having determined that
the issue of Retzlaff's pedophilic tendencies were properly raised before trial and that Retzlaff
failed to properly object to the reliability of Dr. Pugliese's testimony, we conclude that the trial
court properly denied Retzlaff's motion for another court appointed expert, for additional time to
review Dr. Pugliese's testimony, and for mistrial. Points of error two, three, and five are
therefore overruled. 


Limiting Voir Dire

 In point of error four, Retzlaff contends that the trial court erred in limiting his voir
dire examination of potential jurors. The trial court instructed the parties that they would have
thirty minutes each for voir dire. Retzlaff's counsel was warned by the court when he had five
minutes left and when time was up. Retzlaff's counsel objected, indicating that he had additional
questions. The trial court overruled the objection, and Retzlaff's counsel presented a bill of
review listing the questions he would have asked specific venire persons. On appeal, Retzlaff
argues that the trial court abused its discretion in overruling his objection because his questions 
were proper and material to the case. 

 Trial courts have great discretion in conducting voir dire. See Babcock v. 
Northwest Memorial Hosp., 767 S.W.2d 705, 707 (Tex. 1989); Zeh v. Singleton, 650 S.W.2d
518, 519 (Tex. App.--Houston [14th Dist.] 1983, no writ); Texas Employers Ins. Ass'n v. Loesch,
538 S.W.2d 435, 440 (Tex. Civ. App.--Waco 1976, writ ref'd n.r.e.)). Appellate courts will not
disturb a decision by the trial court to limit voir dire absent a clear abuse of discretion. Gulf States
Utilities Co. v. Reed, 659 S.W.2d 849, 855 (Tex.App.--Houston [14th Dist.] 1983, writ ref'd
n.r.e.). To establish an abuse of discretion, a party must establish that under the circumstances
of the case the facts and law permit the trial court to make but one decision. See Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

 The trial court notified both parties well before trial that there would be a time
limitation on voir dire. The record reveals that, knowing he was limited to thirty minutes,
Retzlaff's counsel spent a significant amount of time lecturing the venire on the similarities
between child custody cases and political campaigns. Without challenging any member of the
venire for cause, the record clearly shows that many of Retzlaff's counsel's questions, including
those he had time to ask and those he listed in his bill of review, were directed to potential jurors
outside the "strike zone." (1) His decision to spend much of his allotted thirty minutes questioning
potential jurors outside the strike zone and lecturing on political campaigns significantly affected 
his ability to ask relevant questions of those jurors who actually served on the jury. While some
of the questions Retzlaff listed in his bill of review may have been proper, relevant, and not
unnecessarily repetitious, his counsel's attempts to prolong voir dire by asking irrelevant questions
to many venire persons outside the strike zone show a less than judicious use of the time allotted
him by the trial court. 

 We in our discretion may have allowed Retzlaff's counsel to further question the
venire panel. Nevertheless, we may not find an abuse of discretion merely because the trial court
decided the issue differently than we would. See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 242 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). The trial court did not abuse
its discretion. Retzlaff's fourth point of error is overruled. 


Sufficiency of the Evidence

 In point of error six, Retzlaff complains that the evidence is legally and factually
insufficient to support the jury's finding that he engaged in conduct which endangered his children. 
Specifically, Retzlaff argues that there was no evidence that he intentionally exposed the children
to sexually explicit material. Because no such evidence exists, Retzlaff asserts, termination of his
parental rights is not in the best interest of the children. When both legal and factual sufficiency
challenges are raised, we must first examine the legal sufficiency of the evidence. D.O. v. Texas
Dep't of Human Servs., 851 S.W.2d 351, 353 (Tex. App.--Austin 1993, no writ) (citing Glover
v. Texas Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981)). In deciding a legal sufficiency
challenge, we consider only the evidence and inferences tending to support the finding and
disregard all evidence to the contrary. See id. (citing Alm v. Aluminum Co. of Am., 717 S.W.2d
588, 593 (Tex. 1986)); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); In re S.H.A., 728
S.W.2d 73, 90 (Tex. App.--Dallas 1987, no writ). To review the factual sufficiency of the
evidence, we consider and weigh all of the evidence and will set aside the findings only if the
evidence is so weak or the evidence to the contrary is so overwhelming as to make it clearly wrong
and unjust. See D.O., 851 S.W.2d at 353 (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986)). The clear and convincing standard of proof required to terminate parental rights does not
alter the appropriate appellate standard of review. See State v. Turner, 556 S.W.2d 563, 565
(Tex. 1977); D.O., 851 S.W.2d at 353.

 A court may terminate a parent-child relationship if it finds that (1) the parent has
engaged in any of the specific conduct listed in the Texas Family Code as grounds for termination,
and (2) the termination is in the best interest of the child. See Tex. Fam. Code Ann. § 161.001(1),
(2) (West Supp. 1999); see also D.O., 851 S.W.2d at 352 (citing Texas Dep't of Human Servs.
v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987)). In this case, the jury was charged with terminating
Retzlaff's parental rights on the grounds under subsections (1)(D) or (1)(E) of section 161.001 of
the Family Code, which provide for termination if the parent has:


(D) knowingly placed or knowingly allowed the child to remain in conditions or
surroundings which endanger the physical or emotional well-being of the child;


(E) engaged in conduct or knowingly placed the child with persons who engaged
in conduct which endangers the physical or emotional well-being of the child.



Tex. Fam. Code Ann. § 161.001(1)(D), (E). 

 "Subsections (D) and (E) differ in one respect: the source of the physical or
emotional endangerment to the child." See In the Interest of B.S.T., 977 S.W.2d 481, 484 (Tex.
App.--Houston [14th Dist.] 1998, no pet.) (citing In the Interest of S.H.A., 728 S.W.2d 73, 83-84
(Tex. App.--Dallas 1987, writ ref'd n.r.e.)). Under subsection (D) the environment must be the
source of endangerment to the child. See B.S.T., 977 S.W.2d at 484; S.H.A., 728 S.W.2d at 84. 
Under subsection (E), the cause of the danger to the child must be the parent's conduct alone,
including the parents actions or omissions or failures to act. B.S.T., 977 S.W.2d at 484; S.H.A.,
728 S.W.2d at 83-84. Both subsections require knowledge on the part of the parent. The
termination must also be in the best interest of the child. Tex. Fam. Code Ann. § 161.001(2). 
Factors to be considered in making the determination whether termination is in the best interest
of the child include: the desires of the child, the emotional and physical needs of the child now
and in the future; the emotional and physical danger to the child now and in the future; parenting
abilities, acts or omissions indicating the existing parent-child relationship is not a proper one; and
any excuse for the acts or omissions. See Holley v. Adams, 544 S.W.2d 367, 371-72 (Tex. 1976). 
Therefore, to affirm on appeal, we must hold that the Department produced sufficient evidence
that Retzlaff engaged in conduct described in subsection (1)(D) or (1)(E) and that termination is
in the best interest of the children. If we determine the jury's verdict was proper under either
subsection, we need not reach the other subsection. See Avery v. State, 963 S.W.2d 550, 552
(Tex. App.--Houston [1st Dist.] 1997, no writ).

 Here, the evidence shows that Retzlaff repeatedly exposed his two children, under
the age of ten, to circumstances or surroundings that endangered their physical and emotional well-being. Retzlaff testified that he left the children alone in the house, that he kept a loaded gun in
the house, that he kept pornographic materials in areas of the house that were accessible to the
children, and that he participated in sexual acts near the children on more than one occasion. 
Denise Retzlaff testified that Retzlaff began leaving the children alone in the house when the eldest
was three weeks old, that he kept pornographic magazines under the master bed and on the night
stand, that he masturbated with the aid of pornographic materials, and that she discovered one of
the children imitating Retzlaff's behavior in front of the pornographic materials at the age of six. 
Both children told Dr. Pugliese, the Department's expert, that they witnessed Retzlaff
masturbating and/or watching pornographic movies on the television. One child stated that he
occasionally looked through some of the pornographic magazines and watched X-rated movies
from his bedroom while Retzlaff was masturbating. He also told a school counselor that Retzlaff
would touch his sister's older friends in their private places. Both children expressed dislike
towards Retzlaff, and one told Dr. Pugliese that she felt uncomfortable around Retzlaff and had
no interest in living with him.

 After careful review of the record, we are persuaded that clear and convincing
evidence exists that is both legally and factually sufficient to support the trial court's finding that
Retzlaff knowingly placed or knowingly allowed his two children to remain in conditions or
surroundings which endanger their physical or emotional well-being and that termination is in the
best interest of the children. Because we have concluded that sufficient evidence exists to support
termination under subsection (1)(D), we need not address Retzlaff's challenge to the remaining
subsection (1)(E). See Avery, 963 S.W.2d at 552. 


Constitutional Violations

 In his seventh point of error, Retzlaff contends that the termination of his parental
rights is unconstitutional because the record contains no evidence that the Department made an
attempt to preserve the parent-child relationship between himself and his two children and that he
was not provided court-appointed counsel until four months before trial. 


[S]everance of the parent-child relationship will survive constitutional scrutiny only
if: the asserted governmental interest is compelling; a particularized showing is
made that the state interest is promoted by terminating the relationship; it is
impossible to achieve the goal through any less restrictive means; and procedural
due process protections are met.


S.H.A., 728 S.W.2d at 91. Our review of the record reveals that each of these constitutional
requirements were met.

 Retzlaff was appointed an attorney as soon as he made the request, which was 
shortly after the Department sought termination and four months before trial. An attorney ad litem
and a guardian ad litem were appointed to represent the children's interests. Further, Retzlaff was
afforded a jury trial and representation on appeal. Therefore, we conclude that Retzlaff's
procedural due process rights were protected.

 The governmental interest in protecting the emotional and physical well-being of
the children is compelling. Several witnesses testified that termination was the only means of
protecting the children's well-being. The record shows that the Department did attempt to save
the family unit by offering counseling and other services to Retzlaff, all of which he refused. The
Department has sought to maintain stability in the children's lives by terminating only the father's
parental rights. The Department intends to return the children to a permanent home with their
mother. Accordingly, we hold that the constitutional safeguards have been met.


CONCLUSION


 Having overruled all seven of Retzlaff's points of error, (2) we affirm the trial court's
decree terminating the parent-child relationship between Retzlaff and his two children.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: July 29, 1999

Do Not Publish
1. When no challenges have been made, any venire person outside number twenty-four is
considered outside the strike zone.
2. Retzlaff filed a pro se brief and second supplementary pro se brief raising eleven issues after
his attorney filed a brief on the merits. An appellant has a right to file a pro se brief in addition
to counsel's brief only when counsel has presented a frivolous appeal brief. See Anders v.
California, 386 U.S. 738 (1967); Ford v. State, 794 S.W.2d 863, 868 (Tex. App.--El Paso 1990,
pet. ref'd). Nonetheless, we have reviewed the complaints presented in the pro se brief and find
them to be without merit. The contentions raised in issues one through ten of Retzlaff's pro se
brief are overruled. 



e
occasionally looked through some of the pornographic magazines and watched X-rated movies
from his bedroom while Retzlaff was masturbating. He also told a school counselor that Retzlaff
would touch his sister's older friends in their private places. Both children expressed dislike
towards Retzlaff, and one told Dr. Pugliese that she felt uncomfortable around Retzlaff and had
no interest in living with him.

 After careful review of the record, we are persuaded that clear and convincing
evidence exists that is both legally and factually sufficient to support the trial court's finding that
Retzlaff knowingly placed or knowingly allowed his two children to remain in conditions or
surroundings which endanger their physical or emotional well-being and that termination is in the
best interest of the children. Because we have concluded that sufficient evidence exists to support
termination under subsection (1)(D), we need not address Retzlaff's challenge to the remaining
subsection (1)(E). See Avery, 963 S.W.2d at 552. 


Constitutional Violations

 In his seventh point of error, Retzlaff contends that the termination of his parental
rights is unconstitutional because the record contains no evidence that the Department made an
attempt to preserve the parent-child relationship between himself and his two children and that he
was not provided court-appointed counsel until four months before trial. 


[S]everance of the parent-child relationship will survive constitutional scrutiny only
if: the asserted governmental interest is compelling; a pa