W.B., Appellant,

v.

TEXAS DEPARTMENT OF PROTEC-
TIVE AND REGULATORY SER-
VICES, Appellee.

No. 13–01–604–CV.

Court of Appeals of Texas,
Corpus Christi.

July 3, 2002.

Julie Hale, Victoria, for appellant.

M.P. "Dexter" Eaves, District Attorney, Michael M. Kelly, Assistant District Attorney, Victoria, for appellee.

Before Justices DORSEY, HINOJOSA, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, W.B., the biological father of a minor child, brings this appeal following the trial court's order terminating his parental rights. By one point of error, W.B. contends the trial court erred in holding the evidence sufficient to prove termination of his parental rights was in the best interest of the child. We affirm.

## I. FACTS

Approximately one year after his child was born, W.B. was arrested for delivery of a controlled substance. Several months later, the child's mother was arrested for possession of a controlled substance. The child was subsequently removed from the mother's possession due to the mother's drug use and failure to provide medical treatment for the child. The Texas Department of Protective and Regulatory Services (DPRS) was appointed temporary managing conservator of the child. Later, W.B., who was on probation, was sentenced to sixty years imprisonment. In the years following, several dispositional hearings were held and DPRS continued as permanent managing conservator. W.B. asked DPRS to place the child in the care of his sister but received no response.

## II. PRESERVATION OF ERROR

 We first address the State's argument that W.B. failed to properly preserve error and has waived his right to raise this issue on appeal. In a jury trial, there are four ways to preserve a challenge to the legal sufficiency of the evidence: (1) a motion for instructed verdict; (2) an objection to the submission of a jury question; (3) a motion for judgment notwithstanding the verdict; and (4) a motion for new trial. *In re I.V.,* 61 S.W.3d 789, 794 (Tex.App.-Corpus Christi 2001, no pet.) (citing *Cecil v. Smith,* 804 S.W.2d 509, 510–11 (Tex.1991)). However, a party appealing the sufficiency of evidence in a non-jury trial need not present an objection or motion to preserve appellate review. *See* Tex.R. Civ. P. 324; Tex.R.App. P. 33.1; *Park v. Essa Tex. Corp.,* 158 Tex. 269, 311 S.W.2d 228, 229 (1958); *Regan v. Lee,* 879 S.W.2d 133, 136 (Tex.App.-Houston [14th Dist] 1994, no writ). Because W.B. is challenging the sufficiency of evidence from a non-jury trial, we may address his appeal.

## III. SUFFICIENCY CHALLENGE

By his sole point of error, W.B. contends the trial court erred in terminating his parental rights because the evidence was insufficient to show termination of parental rights was in the best interest of the child. Texas courts of appeals are divided on whether the clear and convincing standard of review required at trial to terminate parental rights requires a stricter standard of appellate review. *See In re I.V.,* 61 S.W.3d at 794; *compare In re B.R.,* 950 S.W.2d 113, 117 (Tex.App.-El Paso 1997, no pet.). However, this court does not apply an elevated standard of review when examining the sufficiency of the evidence in termination of parental rights cases. *In re I.V.,* 61 S.W.3d at 794; *see In re A.D.E.,* 880 S.W.2d 241, 245–46 (Tex.App.-Corpus Christi 1994, no writ).

 A trial court's findings are reviewable for legal and factual sufficiency of evidence by the same standards of review that are applied in reviewing legal or factual sufficiency supporting a jury's answers to jury questions. *In re Braddock,* 64 S.W.3d 581, 584 (Tex.App.-Texarkana 2001, no pet.) (citing *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex. 1991)). Review of legal sufficiency challenges requires an appellate court to consider all of the evidence in the light most favorable to the party in whose favor the verdict was rendered, indulging every reasonable inference in that party's favor. *See In re B.S.T.,* 977 S.W.2d 481, 483 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (citing *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285–86 (Tex.1998)). In reviewing factual sufficiency challenges, the court must review all of the evidence supporting and contrary to the finding. *See Plas–Tex., Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442,

445 (Tex.1989). The verdict should be set aside only if the evidence which supports the finding is so weak as to be clearly wrong and unjust. *See In re B.S.T.,* 977 S.W.2d at 483.

## IV. ANALYSIS

The Texas Family Code allows for involuntary termination of parental rights when (1) the parent has engaged in conduct described in section 161.001 and (2) the termination would be in the best interest of the child. *See* TEX. FAM.CODE. ANN. § 161.001(1), (2) (Vernon 1996 & Supp. 2002).

■■■ In determining the child's best interests, the fact finder may consider the child's present and future physical and emotional needs. *See Holley,* 544 S.W.2d at 371–72; *In re R.D.,* 955 S.W.2d 364, 367 (Tex.App.-San Antonio 1997, pet. denied). The court in *Holley,* lists several factors a court may consider to determine whether termination of parental rights is in the best interest of the child. *See Holley,* 544 S.W.2d at 372. The list is not exhaustive, but includes: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the parental abilities of the individuals seeking custody; and (4) the acts/omissions of the parent which may indicate that the existing parent-child relationship is not proper. *See id.; see also, In re J.M.T.,* 39 S.W.3d 234, 240 (Tex.App.-Waco 1999, no pet.).

The first element required to terminate parental rights was fulfilled upon W.B.'s conviction and imprisonment. *See* TEX. FAM.CODE. ANN. § 161.001(1)(q) (engaged in criminal conduct that resulted in his conviction of an offense, confinement to prison and inability to care for the child for not less than two years from the date of filing of the petition). Therefore, the only issue on appeal is whether the evidence supports a finding that termination of parental rights is in the best interest of the child, the second element required to terminate parental rights. *See In re J.M.T.,* 39 S.W.3d at 240.

■■■ There is a strong presumption that the best interest of children will be served by preserving the parent-child relationship. *See Wiley v. Spratlan,* 543 S.W.2d 349, 351 (Tex.1976); *In re J.M.T.,* 39 S.W.3d at 240. The child's best interest must be proved by clear and convincing evidence. *See In re R.D.,* 955 S.W.2d at 368. Clear and convincing evidence is an intermediate standard falling between the "preponderance of evidence" standard of civil proceedings and the "beyond a reasonable doubt" standard of criminal proceedings. *See In re G.M.,* 596 S.W.2d 846, 847 (Tex.1980); *In re A.D.E.,* 880 S.W.2d 241, 245 (Tex.App.-Corpus Christi 1994, no writ). Incarceration alone cannot support a termination of parental rights. *See Tex. Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex.1987); *In re Caballero,* 53 S.W.3d 391, 395–96 (Tex.App.— Amarillo 2001, pet. denied). Once DPRS has established a parent's knowing criminal conduct resulted in their incarceration for more than two years, the parent must produce some evidence as to how he would provide or arrange to provide care for the child during that period. *See In re Caballero,* at 396. If the appealing party meets this burden, DPRS would then have the burden to prove the arrangement would not satisfy the parent's duty to the child. *Id.*

■■■ In the case at bar, W.B. was sentenced to sixty years imprisonment. He has been incarcerated since the child was two years old and remains incarcerated to the present day. W.B. requested DPRS to place the child in his sister's custody. Normally, this request would be evidence supporting preservation of the parent-child

relationship. However, W.B. waited over four years to make this request. Also, W.B. has failed to keep contact with the child since his incarceration.[1] Therefore, based on W.B.'s incarceration and his failure to establish and maintain contact with his child we conclude the evidence is legally sufficient to support the trial court's finding. *See In re B.S.T.*, 977 S.W.2d at 483.

After considering and weighing all the evidence, we conclude the trial court could have reasonably found that the basis for termination of W.B.'s parental rights was established by clear and convincing evidence. *Id.* The evidence that termination of parental rights is in the best interest of the child is not so weak as to be clearly wrong and unjust. *Id.* W.B.'s point of error is overruled. Accordingly, the trial court's judgment is affirmed.

1. W.B. sent three letters to his child, which is the only contact he has had with the child during his incarceration.