**In the Interest of R.F., JR. and B.U.D., Children.**

**No. 13–02–026–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

Oct. 17, 2002.

Patricia G. Deaton, Sinton, for appellant.

Duke Hooten, Austin, Eugene P. Chapline, Asst. County Atty., Sinton, for appellees.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

**OPINION**

Opinion by Justice RODRIGUEZ.

Appellant, the biological father of R.F., Jr. and B.U.D., minor children, brings this appeal following the trial court's order terminating his parental rights. By five issues, appellant generally contends: (1) the evidence is neither factually, nor legally sufficient to support the verdict; and (2) the trial court erred by failing to act on his request for a bench warrant. We reverse and render.

I. BACKGROUND

In March 1998, the Texas Department of Protective and Regulatory Services (DPRS) brought suit affecting the parent-child relationship against appellant and E.D.,[1] as parents of R.F., Jr. Ultimately, R.F., Jr.'s maternal aunt was named permanent managing conservator. Appellant and E.D. were appointed possessory conservators.

In August 1999, appellant was incarcerated for burglary of a habitation and began serving a nine year sentence. In July 2001, DPRS brought a suit affecting the parent-child relationship against appellant and E.D., as parents of R.F., Jr. and B.U.D. Following a bench trial, appellant's and E.D.'s parental rights were terminated as to R.F., Jr. and B.U.D. DPRS was named permanent managing conservator. This appeal ensued.[2]

1. E.D. is the biological mother of the minor children.

II. LEGAL SUFFICIENCY OF THE EVIDENCE

By his second issue, appellant contends the evidence is legally insufficient to support the trial court's determination to terminate his parental rights.

A. STANDARD

In reviewing a legal sufficiency challenge, we consider all of the evidence in the light most favorable to the party in whose favor the verdict was rendered and indulge every reasonable inference in that party's favor. *See Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285 (Tex.1998); *W.B. v. Tex. Dep't of Protective & Regulatory Servs.,* 82 S.W.3d 739, 741 (Tex.App.-Corpus Christi 2002, no pet.). We sustain a legal sufficiency challenge when the record discloses that: (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Norwest Mortgage, Inc. v. Salinas,* 999 S.W.2d 846, 853 (Tex.App.-Corpus Christi 1999, pet. denied). "More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Associated Indem. Corp.,* 964 S.W.2d at 286).

B. ANALYSIS

The Texas Family Code allows for involuntary termination of parental rights

2. E.D. is not a party to this appeal.

when: (1) the parent has engaged in conduct described in section 161.001; and (2) the termination would be in the best interests of the child. *See* TEX. FAM.CODE. ANN. § 161.001(1), (2) (Vernon 2002); *W.B.*, 82 S.W.3d at 742.

Appellant challenges the sufficiency of the evidence establishing that section 161.001(1)(Q) of the Texas Family Code was satisfied, the only ground presented by DPRS to the trial court. This section provides that the court may order termination of the parent-child relationship if the court finds by clear and convincing evidence that the parent has knowingly engaged in criminal conduct that resulted in his conviction of an offense, confinement or imprisonment, and inability to care for the child for not less than two years from the date of filing the petition. TEX. FAM. CODE. ANN. § 161.001(1)(Q) (Vernon 2002).

■ In this case, DPRS offered the following testimony of a DPRS caseworker concerning appellant's incarceration:

Attorney: Is the father of the children [appellant]?

Caseworker: Yes.

Attorney: And where is he now?

Caseworker: In prison.

Attorney: For how long?

Caseworker: I don't know that.

Attorney: How long has he been in prison?

Caseworker: I don't know that either.

E.D. [non-witness]: Going to be three years.

Caseworker: Three Years.

Attorney: Because of his incarceration has he knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two

years from the date of the filing of the petition in this case?

Caseworker: That's true.

The only other evidence of appellant's incarceration came from a letter written by appellant to the trial court while serving his sentence. In the letter, appellant stated he had been in jail since August 4, 1999, and was sentenced to serve nine years in prison. However, appellant stated that he hoped to be released by May 2003, or earlier. The original petition in this case was filed on July 27, 2001. If appellant is released in May 2003 he would not be incarcerated or imprisoned for over two years from the date the petition was filed. *See id.; see also In re B.M.R.*, 84 S.W.3d 814, 817–18 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *In re I.V.*, 61 S.W.3d 789, 798 (Tex.App.-Corpus Christi 2001, no pet.); *but see In re B.S.W.*, 87 S.W.3d 766, 769 (Texarkana Sept. 18, 2002, no pet. h.) (applying section 161.001(1)(Q) of family code by looking backward from filing of petition to determine if parent had been incarcerated for two years prior to filing of petition).

With appellant's letter as the only evidence indicating when he would be released from incarceration, DPRS failed to establish that appellant will serve more than two years from the date the petition was filed. *See In re I.V.*, 61 S.W.3d at 798. Not only did DPRS fail to provide any evidence to support the trial court's judgment that section 161.001(1)(Q) of the family code was satisfied, but appellant's letter conclusively established the opposite, that it was not. *See* TEX. FAM.CODE. ANN. § 161.001(1)(Q). We conclude the evidence was not legally sufficient to support the trial court's findings under section 161.001(1)(Q) of the Texas Family Code. *See id.; see also Norwest Mortgage, Inc.*, 999 S.W.2d at 853 (elements listed to sustain legal sufficiency challenge). Thus, the

first element required to terminate appellant's parental rights has not been fulfilled. *See id.* § 161.001(1), (2). Appellant's second issue is sustained.[3]

Accordingly, we reverse the judgment of the trial court and render judgment in favor of appellant.

3. Because of our disposition of appellant's second issue, we need not address the remaining issues. *See* Tex.R.App. P. 47.1.