NUMBER 13-02-202-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


___________________________________________________________________


VICTOR MANUEL GONZALEZ, JR., Appellant,


v.



VELMA HERNANDEZ GONZALEZ, Appellee.

___________________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


__________________________________________________________________


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa and Rodriguez


Opinion by Justice Rodriguez



 Appellant, Victor Manuel Gonzalez, Jr., was divorced from appellee, Velma
Hernandez Gonzalez, in 2002. The divorce order allowed both parties to keep the
assets they had in their possession, but made a disproportionate division of the marital
debts, giving appellant the majority. By his first three issues, (1) appellant contends the
trial court erred by: (1) precluding a full cross-examination of appellee by appellant
during the hearing for the divorce; (2) precluding his testimony and his introduction of
evidence; and (3) ordering a disproportionate division of the marital assets. By his
fourth issue, appellant contends there was insufficient evidence to support a finding
that he was: (1) guilty of cruel treatment towards appellee; and (2) guilty of
committing adultery. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

I. Preclusion of full cross-examination

 By his first issue, appellant contends the trial court erred by precluding a full
cross-examination of appellee by appellant during the hearing for the divorce. A claim
must have been asserted in the trial court in order to be raised on appeal. Dreyer v.
Greene, 871 S.W.2d 697, 698 (Tex. 1993). Moreover, a point of error not raised in
the trial court by a timely objection is not preserved on appeal. Tex. R. App. P. 33.1(a);
see Allright, Inc. v. Pearson, 735 S.W.2d 240, 240 (Tex. 1987). 

 During the trial on the merits, appellant did not object on the basis of preclusion
of full cross-examination of appellee. Further, appellant did not object when the trial
judge entered a final judgment before he completed his cross-examination of appellee. 
In fact, appellant did not object at any time during the trial on the merits. Because
appellant did not preserve error regarding his alleged lost opportunity to complete
cross-examination of appellee, we need not address this contention. See Tex. R. App.
P. 33.1(a); see Dreyer, 871 S.W.2d at 698; Allright, Inc., 735 S.W.2d at 240. 
Appellant's first issue is overruled.

II. Preclusion of testimony and introduction of evidence at trial

 By his second issue, appellant contends the trial court erred by precluding his
testimony and his introduction of evidence. However, appellant did not object that he
was precluded from testifying or introducing evidence when the trial judge entered a
final judgment. Thus, because this claim was not asserted in the trial court, it is not
preserved on appeal. (2) See Tex. R. App. P. 33.1(a); Dreyer, 871 S.W.2d at 698;
Allright, Inc., 735 S.W.2d at 240. Therefore, not having presented this argument,
appellant's second issue is overruled. 

III. disproportionate division of marital assets

 By his third issue, appellant contends the trial court erred by ordering a
disproportionate division of the marital assets. In a divorce decree, the trial court
"shall order a division of the estate of the parties in a manner the court deems just and
right, having due regard for the rights of each party." Tex. Fam. Code Ann. § 7.001
(Vernon 1998). The trial court is given broad discretion in dividing the marital estate. 
See Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981). In dividing the marital estate,
the court may take into account several factors, including: (1) the fault of the parties;
(2) the spouses' capacities and abilities; (3) earning capacity; (4) education; (5) relative
physical conditions; and (6) relative financial condition and obligations. See id. 

 To disturb a trial court's division of property, the appellant must show the trial
court clearly abused its discretion by a division that is manifestly unjust and unfair. 
See Bell v. Bell, 513 S.W.2d 20, 22 (Tex. 1974); Ridgell v. Ridgell, 960 S.W.2d 144,
147 (Tex. App.-Corpus Christi 1997, no pet.). A trial court commits an abuse of
discretion when it rules without supporting evidence. See Evans v. Evans, 14 S.W.3d
343, 345-46 (Tex. App.-Houston [14th Dist.] 2000, no pet.). 

 The trial court in this case made a determination regarding the just and right
division of property after considering several factors. The trial court heard evidence
of the fault of the parties, through testimony regarding cruel treatment of appellee by
appellant, including both verbal and physical abuse. The court considered evidence,
through appellee's testimony and appellant's exhibits, of the marital assets and debts. 
The court also considered evidence of each party's current employment situation and
earning potential. The court heard testimony regarding appellee's current physical
condition as a diabetic. None of this evidence was contradicted at trial. Because the
trial court considered supporting evidence for its ruling, we find the trial court did not
abuse its discretion. See Bell, 513 S.W.2d at 22; Evans, 14 S.W.3d at 345-46.
Appellant's third issue is overruled.

IV. sufficiency of the evidence

 By his fourth issue, appellant challenges the sufficiency of the evidence to
support the trial court's finding contained in the body of the judgment that he was
guilty of cruel treatment and committing adultery. 

 Findings of fact recited in the judgment may not be considered on appeal. See,
e.g., Tex. R. Civ. P. 299(a); Guridi v. Waller, 98 S.W.3d 315, 317 (Tex. App.-Houston
[1st Dist.] 2003 no pet.); Salinas v. Beaudrie, 960 S.W.2d 314, 317 (Tex.
App.-Corpus Christi 1997, no pet.); but see, e.g., In re U.P., 105 S.W.3d 222, 229
n.3 (Tex. App.-Houston [14th Dist.] 2003, no pet.) (findings in judgment have
probative value if they do not contradict any findings made in a separate document);
Hill v. Hill, 971 S.W.2d 153, 157 (Tex. App.-Amarillo 1998, no pet.) (same); Martinez
v. Molinar, 953 S.W.2d 399, 401 (Tex. App.-El Paso 1997, no writ) (same). 
Although contained in the judgment, no separate findings of fact were filed in this
case. See Tex. R. Civ. P. 299(a); Guridi, 98 S.W.3d at 317; Salinas, 960 S.W.2d at
317. Therefore, for our purposes, we review this case as one in which findings of fact
were not made. Sutherland v. Cobern, 843 S.W.2d 127, 131 n.7 (Tex.
App.-Texarkana 1992, writ denied). In the absence of findings of fact or conclusions
of law, the trial court is presumed to have found facts to support its order if there is
any probative evidence to support the order. See Lewkowicz v. El Paso Apparel Corp.,
625 S.W.2d 301, 303 (Tex. 1982). The standard of review for findings of fact
implied by the trial court is the same as that applied to a jury's findings and a trial
court's findings of fact. See Wade v. Comm'n for Lawyer Discipline, 961 S.W.2d
366, 374 (Tex. App.-Houston [1st Dist.] 1997, no writ). Therefore, when considering
a legal sufficiency point of error, we will consider only the evidence that tends to
support the finding and disregard all other evidence to the contrary. Stafford v.
Stafford, 726 S.W.2d 14, 16 (Tex. 1987). We will sustain a legal sufficiency
challenge only when there is a complete absence of evidence of a vital fact necessary
to the judgment. See In re R.F., 89 S.W.3d 258, 259 (Tex. App.-Corpus Christi
2002, no pet.). If any probative evidence supports the judgment, the legal sufficiency
challenge will be overruled. See Lindsey v. Lindsey, 965 S.W.2d 589, 591 (Tex.
App.-El Paso 1998, no pet.).

 Appellee testified that she was both physically and verbally abused during her
marriage to appellant. Appellee also testified about appellant's infidelity during the
marriage. Appellant did not dispute or object to any of appellee's testimony about
cruel treatment or adultery. Because there is probative evidence to support the trial
court's finding, we overrule appellant's legal sufficiency challenge. See id. 

 In contrast to a legal sufficiency challenge, we review a factual sufficiency
challenge by examining and weighing all the evidence presented. See Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); Krishnan v. Ramirez, 42 S.W.3d 205, 211 (Tex.
App.-Corpus Christi 2002, pet. denied). We will set aside the judgment only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Cain, 709 S.W.2d at 176; Krishnan, 42 S.W.3d at 211. In the record
before us, all of the evidence regarding abuse during the Gonzalezs' marriage supports
a finding that appellant was abusive to appellee. Likewise, all of the evidence
regarding appellant's infidelity is uncontroverted and supports a finding that appellant
was guilty of adultery. Thus, we cannot say that the trial court's judgment is so
contrary to the overwhelming weight of the evidence so as to be clearly wrong and
unjust. See id. Appellant's fourth issue is overruled. 

 Accordingly, we affirm the judgment of the trial court.

 

 NELDA V. RODRIGUEZ

 Justice


Opinion delivered and filed

this 18th day of July, 2003.

 
1. We construe appellant's two issues to be four separate issues presented for our
review.
2. After trial, appellant, with new counsel, filed a motion for new trial. Appellant
attempted to have evidence admitted at the motion for new trial, but the court denied
admission of evidence. Appellant's grounds for a new trial were that adequate evidence was
not presented at the hearing on the merits. The court denied his motion for a new trial. This
appeal ensued, but appellant does not challenge the trial court's denial of his motion for a
new trial.