In the Interest of B.S.T., B.M.T., M.L.T., and M.T., Minor Children.

No. 14–98–00319–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 8, 1998.

---

Elizabeth S. Petersen, Houston, for appellant.

Bruce S. Powers, Johnnie Beth Page, Houston, for appellee.

Before MURPHY, C.J., and LEE and DRAUGHN, JJ.*

## OPINION

LEE, Justice.

Delton Michael Green appeals from an order terminating his parental rights. In two

* Senior Justice Joe L. Draughn sitting by assignment.

points, appellant challenges the legal and factual sufficiency of the evidence supporting termination. We affirm as modified.

In August 1990, the Texas Department of Protective and Regulatory Services (TDPRS) investigated the Thornton family and found five children in the home, the eldest of which was 7 years old.[1] There was no food or electricity in the home, the children were dirty and lacked proper clothing, none were attending school, and none of the children were toilet-trained. The children were removed from the home and placed in foster care.

In 1997, TDPRS sought to terminate the parental rights of the mother, Alma Thornton, the father of the oldest child, and appellant, the father of the four other children. Trial was to the bench. TDPRS offered the testimony of three witnesses, including two caseworkers and a Child Advocate CASA supervisor. In conjunction with this testimony, appellant offered into evidence volumes of exhibits, consisting of the TDPRS records spanning the seven years the children were in TDPRS custody. There were no objections to admission of this case file. Alma Thornton did not attend trial.[2] The evidence shows appellant was not named as the father of the children on their birth certificates and, although he never denied paternity, he did not sign an affidavit of paternity. The evidence revealed that, at the time the children were taken into custody, appellant was in prison for grand theft. He was released in April 1993. By 1996, appellant was again incarcerated, this time for the crime of injury to a child.[3] From 1993 to 1996, appellant provided no financial support to the children in foster care and visited them twice, in April and May of 1993. The exhibits show that Alma Thornton complained to caseworkers that, while appellant was out of prison, he was physically threatening her and was making a living by "selling light bulbs and stealing." At the termination trial, appellant was called to the witness stand, but refused to answer any questions.

The trial court entered an order terminating the parental rights of the mother, appellant, and the father of the oldest child. The termination was expressly based on TEX. FAM.CODE ANN. § 161.001(1)(D)–(E) & (N) (Vernon Supp.1998).

**Standard of Review**

When presented with a challenge to the legal sufficiency of the evidence, the reviewing court must consider all of the evidence in a light most favorable to the party in whose favor the verdict was rendered indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. Cat Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex. 1998). If there is any evidence of probative force to support the finding, the finding must be upheld. *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex.1997). In reviewing a challenge to the factual sufficiency of the evidence, the court must first consider, weigh, and examine all of the evidence supporting and contrary to the finding. *Plas–Tex., Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). Having done so, the court should set aside the verdict only if the evidence which supports the finding is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

**Termination of Parental Rights**

■ The natural right existing between parents and their children is of constitutional dimensions. *See In the Interest of J.W.T.*, 872 S.W.2d 189, 194–95 (Tex.1994). Termination of the parent-child relationship is final and irrevocable and divests for all time the parent and child of all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985).

■ In proceedings to terminate the parent-child relationship brought under section 161.001 of the Family Code, the petitioner must establish one or more acts or omissions enumerated under subsection (1) of the

---

1. The oldest child is not part of this appeal because appellant is not the father of this child.

2. Thornton's counsel was present at trial.

3. The victim of this crime was a child born to Alma Thornton and appellant after appellant was released from prison in 1993. This child is not part of the instant appeal.

statute and must additionally prove that termination of the relationship is in the best interest of the child. TEX. FAM.CODE ANN. § 161.001(1)–(2) (Vernon Supp.1998). Both elements must be established, and proof of one element does not relieve the petitioner of the burden of proving the other. *See Holley v. Adams,* 544 S.W.2d 367, 370 (Tex.1976). Because termination of parental rights is such a drastic remedy and is of such weight and gravity, due process requires the petitioner to justify termination by "clear and convincing evidence." *In the Interest of G.M.,* 596 S.W.2d 846, 847 (Tex.1980).[4]

**Analysis**

▃▃ In the present case, TDPRS sought to terminate the parent-child relationship under sections 161.001–161.003. The trial court ordered termination under section 161.001(1)(D), (E), and (N). These subsections provide for termination if the court finds the parent has:

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

. . . .

(N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Protective and Regulatory Services or an authorized agency for not less than six months, and:

(i) the department or authorized agency has made reasonable efforts to return the child to the parent;

(ii) the parent has not regularly visited or maintained significant contact with the child; and

(iii) the parent has demonstrated an inability to provide the child with a safe environment.

TEX. FAM.CODE ANN. § 161.001(1)(D)–(E) & (N) (Vernon Supp.1998). The Family Code additionally requires that termination be in the best interest of the child. *Id.* at § 161.001(2).

Subsections (D) and (E) differ in one respect: the source of the physical or emotional endangerment to the child. *See In the Interest of S.H.A.,* 728 S.W.2d 73, 83–84 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). Under subsection (D), the environment, as opposed to the parent's conduct, must be the source of endangerment to the child. *S.H.A.,* 728 S.W.2d at 84. Under subsection (E), the cause of the danger to the child must be the parent's conduct alone, including the parent's actions or omissions or failures to act. *Id.* at 83–84. Both subsections require knowledge on the part of the parent. TEX. FAM.CODE ANN. § 161.001(1)(D)–(E) (Vernon Supp. 1998). Under either subsection, the termi-

---

**4.** The courts of appeals disagree on the appropriate standard of review when deciding factual sufficiency claims where the petitioner's burden of proof is clear and convincing evidence. Some courts of appeals have adopted an "intermediate" standard of review to be used in cases where the findings must be supported by clear and convincing evidence. *See Edwards v. Texas Dept. of Protective and Regulatory Servs.,* 946 S.W.2d 130, 137 (Tex.App.—El Paso 1997, no writ)(holding the proper standard of review is "whether the evidence was sufficient to produce in the mind of the fact finder a firm belief or conviction as to the truth of the allegations sought to be established"). *Accord Spangler v. Texas Dept. of Protective & Regulatory Servs.,* 962 S.W.2d 253 (Tex.App.—Waco 1998, no writ); *In re H.C.,* 942 S.W.2d 661 (Tex.App.—San Antonio 1997, no writ); *Slatton v. Brazoria County Protective Servs. Unit,* 804 S.W.2d 550 (Tex.App.—Texarkana 1991, no writ). Other courts, including this court, have refused to adopt a higher stan-

dard of review and have instead applied the traditional factual sufficiency standard. *See Spurlock v. Texas Dept. of Protective & Regulatory Servs.,* 904 S.W.2d 152, 155–56 (Tex.App.—Austin 1995, writ denied); *In the Interest of W.S.,* 899 S.W.2d 772, 776 (Tex.App.—Fort Worth 1995, no writ); *In re J.F.,* 888 S.W.2d 140, 141 (Tex.App.—Tyler 1994, no writ); *Oadra v. Stegall,* 871 S.W.2d 882, 892 (Tex.App.—Houston [14th Dist.] 1994, no writ).

Despite a higher burden of proof in the trial court, our standard of review remains unchanged. As the supreme court has stated: "[T]here are but two standards by which evidence is reviewed: factual sufficiency and legal sufficiency. The requirement of clear and convincing evidence is merely another method of stating that a cause of action must be supported by factually sufficient evidence." *Meadows v. Green,* 524 S.W.2d 509, 510 (Tex.1975) (citations omitted).

nation must also be in the child's best interest. TEX. FAM.CODE ANN. § 161.001(2) (Vernon Supp.1998). Factors to be considered in making the determination whether termination is in the child's best interest include: the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, parenting abilities, acts or omissions indicating the existing parent-child relationship is not a proper one, and any excuse for the acts or omissions. *See Holley*, 544 S.W.2d at 371–72.

When appellant was out of prison, he made two efforts to see his children in early 1993 and then made no efforts during the remaining years he was out of prison. Appellant made no effort to provide financial support for his children while he was out of prison. The evidence also does not show appellant provided financial support before the children were placed in foster care. The record shows appellant engaged in repeated criminal activity resulting in his incarceration, during which time he was unable to care for or support the children.

There is evidence of alleged abuse of the mother by appellant. This was not mentioned at trial, but can be found in one of the reports included as an exhibit. Appellant's present imprisonment for injury to a child is also evidence to consider. Although the injury was to a child who is not part of this case, this conviction reflects conduct that presents a danger to the children in this case. Furthermore, by committing another crime for which he could be sent to prison, during which time he could not care for or support his children, appellant engaged in conduct endangering the children. This would support termination under subsection (E).

To terminate parental rights under 161.001(1)(E), appellant contends TDPRS had to show that appellant's conduct was the source of danger to the children. Appellant argues that TDPRS presented no competent evidence indicating appellant's incarceration was a result of a course of conduct that endangered the children.

■ "Endanger" as that term is used in the statute, means more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment. *Texas Dept. of Human Services v. Boyd*, 727 S.W.2d 531, 533 (Tex.1987). It is not necessary that the conduct be directed at the child or that the child actually suffers injury. *Id.* Instead, "endanger" means to expose to loss or injury; to jeopardize. *Id.* Thus, there is no merit to appellant's contention TDPRS had to show appellant's conduct endangered the children.

■ Imprisonment of a parent, standing alone, does not constitute "engag[ing] in conduct ... which endangers the emotional or physical well-being of the child," TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon Supp. 1998), but it certainly is a factor for consideration by the trial court on the issue of endangerment. *Boyd*, 727 S.W.2d at 533. If the evidence, including the imprisonment, shows a course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under section 161.001(E) is supportable. *Id.* at 534 (citing to prior version of the statute); *Spangler v. Texas Dept. of Protective & Regulatory Servs.*, 962 S.W.2d 253, 260 (Tex.App.—Waco 1998, no writ)(upholding termination where father abused mother and was frequently in jail). Thus, TDPRS need not show appellant's incarceration was a result of a course of conduct endangering the children; it need only show that the incarceration was part of a course of conduct endangering the children. *See Boyd*, 727 S.W.2d at 533.

■ As to the trial court's decision to base termination on subsection (D), appellant complains there was no proof he knowingly allowed the children to remain in an environment that endangered the children. Termination under subsection (D) requires knowing conduct. TEX. FAM.CODE ANN. § 161.001(1)(D) (Vernon Supp.1998). No witness testified to appellant's knowledge of the conditions in which the children were living. Appellant refused to testify. The case files admitted as exhibits likewise do not reflect appellant's knowledge. Thus, there is no evidence supporting termination under subsection (D).

Appellant next asserts that TDPRS did not call an expert witness to testify on the issue

of whether there was a danger created by the children's environment. Appellant claims the failure to offer expert testimony has been cited in several cases as grounds for reversal. The cases appellant cites are *Ybarra v. Texas Dept. of Human Servs.*, 869 S.W.2d 574 (Tex.App.—Corpus Christi 1993, no writ), *Doria v. Texas Dept. of Human Resources*, 747 S.W.2d 953 (Tex.App.—Corpus Christi 1988, no writ), and *Clark v. Dearen*, 715 S.W.2d 364 (Tex.App.—Houston [1st Dist.] 1986, no writ). In *Doria*, expert medical testimony was offered. 747 S.W.2d at 956. The court found, however, that this testimony did not support a finding of endangerment. *Id.* at 958. Thus, *Doria* does not support appellant's contention.

In both *Ybarra* and *Clark*, the evidence showed the children were living in an environment of extreme poverty, and the courts found that, absent medical or psychological evidence of harm, poverty was not a sufficient ground for termination of parental rights. *Ybarra*, 869 S.W.2d at 578–80; *Clark*, 715 S.W.2d at 367. *Ybarra* and *Clark* are distinguishable from this case in that they do not concern a parent who was incarcerated, who never formally admitted paternity, never supported his children, and who rarely visited his children. We do not interpret these cases to require medical or psychological testimony in every termination case. Nonetheless, we have found no evidence to support termination under subsection (D), which requires a showing the parent knowingly allowed the children to remain in a dangerous environment. Therefore, the trial court erred in basing termination on subsection (D).

The trial court's order was also based on subsection (N). This subsection requires a showing appellant abandoned the children for at least six months, and that TDPRS made reasonable efforts to return the children to the parents, the parent made no significant contact with the children, and the parent demonstrated an inability to provide a safe environment. TEX. FAM.CODE ANN. § 161.001(1)(N) (Vernon Supp.1998). Appellant complains he was never given a Family Service Plan, was never offered any services from TDPRS, and that no reasonable efforts were made to return the children to him.

Our review of the record reveals that Alma Thornton was provided with a Family Service Plan, but there is no evidence appellant was provided a separate plan by TDPRS. The record indicates Alma Thornton did not know appellant's whereabouts at the time the children were taken into custody. A diligent search was made to locate appellant. When he was located, and after his release from prison, he was advised of visitation and did visit with his children twice, but he made no further efforts to be involved. Caseworkers advised him he should sign an affidavit of paternity, but he never did so. A caseworker for TDPRS testified that all reasonable efforts were made to return the children to the parents. We believe this evidence is sufficient to support termination under subsection (N).

**Conclusion**

Having found no evidence to support termination of appellant's parental rights under section 161.001(1)(D), we modify the trial court's judgment to delete this subsection as a ground for termination. As so modified, we affirm the trial court's judgment.