NUMBER 13-00-099-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


IN THE INTEREST OF M. A. AND M. A., JR., CHILDREN

___________________________________________________________________


On appeal from the 94th District Court


of Nueces County, Texas.


__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez



Appellant challenges the legal and factual sufficiency of the evidence to support the termination of his parental rights. (1) 
We affirm.

On October 1, 1998, appellant's children, M.A. and M.A., Jr., who were in serious need of medical attention, were removed
from the home of non-relatives. They were taken into possession by the Texas Department of Protective and Regulatory
Services (TDPRS). At the time of the removal, appellant did not know with whom the children were living. Appellant was
in prison, having been sentenced to seven years in the Texas Department of Corrections on April 24, 1998. His probation
for possession of cocaine had been revoked, and the sentence was to run concurrently with a subsequent conviction for
burglary of a habitation.

On October 2, 1998, TDPRS filed its petition for protection, conservatorship and termination of parental rights, alleging
there would be a continuing danger to the physical health and safety of the children if they were returned to their parents. 
Approximately one year later, a jury found that the parent-child relationship between appellant and his children should be
terminated. The jury was instructed that for the relationship to be terminated, it must have been proven by clear and
convincing evidence that at least one of the following events had occurred:

[Appellant had]:

 


 knowingly placed or knowingly allowed the child(ren) to remain in conditions or surrounding which endanger the
physical or emotional well-being of the child(ren)[;]




 


 engaged in conduct or knowingly placed the child(ren) with persons who engaged in conduct which endangers the
physical or emotional well-being of the child(ren)[;]




 


 failed to support the child(ren) in accordance with his ability during a period of one year ending within six months of the
date of the filing of this petition[;]




 


 failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to
obtain the return of the child(ren) who have been in the permanent or temporary managing conservatorship of the
Department of Protective and Regulatory Services for not less than nine months as a result of the child(ren)'s removal
from the parent under Chapter 262 for the abuse or neglect of the child(ren); [or]




 


 knowingly engaged in criminal conduct that results in the parent's imprisonment and inability to care for the chid(ren)
for not less than two years from the date of filing the petition[.]




The Texas Family Code allows for the involuntary termination of parental rights when (1) the parent has engaged in
specific conduct described in section 161.001(1) of the family code; and (2) the termination would be in the best interest of
the child. See Tex. Fam. Code Ann. § 161.001 (1), (2) (Vernon Supp. 2001). The above factors described in the jury
charge are taken from the specific conduct factors set out in section 161.001(1) of the family code. See Tex. Fam. Code
Ann. §161.001 (1) (D), (E), (F), (O), (Q) (Vernon Supp. 2001).

Appellant does not contend on appeal that termination was not in the best interest of the children under section 161.001(2). 
See Tex. Fam. Code Ann. § 161.001(2) (Vernon Supp. 2001). Therefore, if the evidence is legally and factually sufficient
to support any one of the specific conducts identified under section 161.001(1), the termination is proper and we must
affirm the judgment of the trial court. SeeTex. Fam. Code Ann. § 161.001(1) (Vernon Supp. 2001); Avery v. State, 963
S.W.2d 550, 552 (Tex. App.-Houston [1st Dist.] 1997, no pet.). 

In accordance with section 161.001(1), the State had the burden to prove the necessary elements for termination by clear
and convincing evidence. See Tex. Fam. Code Ann. § 161.001(Vernon Supp. 2001). However, the clear and convincing
standard of review required to terminate parental rights does not alter the appropriate standard of appellate review. See In
re J.J., 991 S.W.2d 437, 439-40 (Tex. App.-Texarkana 1995, writ denied).

When both legal and factually sufficiency challenges are raised, we examine the legal sufficiency of the evidence first. 
D.O. v. Tex. Dep't of Human Servs., 851 S.W.2d 351, 352 (Tex. App.-Austin 1993, no writ). When presented with a
challenge to the legal sufficiency of the evidence, this Court must consider all of the evidence in a light most favorable to
the party in whose favor the verdict was rendered, indulging every reasonable inference in that party's favor. In re B.S.T.,
977 S.W.2d 481, 483 (Tex. App.-Houston [14th Dist.] 1998, no pet.) (citing Associated Indem. Corp. v. Cat Contracting,
Inc., 964 S.W.2d 276, 285-86 (Tex. 1998)). If there is any evidence of probative force to support the finding, it must be
upheld. Id. (citing ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997)). In reviewing a challenge to the
factual sufficiency of the evidence, we must first consider, weigh, and examine all of the evidence supporting and contrary
to the finding. Id. (citing Plas-Tex., Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989)). Having done so, this
Court should set aside the verdict only if the evidence which supports the finding is so weak as to be clearly wrong and
manifestly unjust. Id. (citing Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986)).

Appellant challenges the legal and factual sufficiency of the evidence supporting a finding that he engaged in conduct
which endangered the physical or emotional well-being of the child, the specific conduct described in factor E of section
161.001(a) of the family code. (2) See Tex. Fam. Code Ann. § 161.001(1) (E) (Vernon Supp. 2001). Imprisonment,
standing alone, will not constitute conduct that endangers the emotional or physical well-being of a child. Tex. Dep't. of
Human Servs. v. Boyd, 727 S.W.2d 531, 533-34 (Tex. 1987). However, if the evidence, including imprisonment, shows a
course of conduct which has the effect of endangering the physical or emotional well-being of the child, a finding under
section 161.001(1)(E) is supportable. See Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2001); Boyd, 727 S.W.2d at
533-34. The term "endanger," as used in the statute, means to expose to loss or injury, and it is not necessary for the
conduct to be directed toward the children in order to endanger their well-being. See Tex. Fam. Code Ann. § 161.001
(Vernon Supp. 2001); In re B.S.T., 977 S.W.2d at 485.

The evidence at trial established appellant was initially arrested and convicted for possession of cocaine and placed on
probation. Appellant engaged in this criminal activity after the birth of his first child, and continued to engage in criminal
conduct until two months prior to the birth of his second child. This activity, occurring between 1996 and 1997, included
appellant's arrest for possession of cocaine. While on probation for that offense, appellant violated numerous conditions of
his probation and was arrested for possession of heroin and burglary of a habitation. This conduct lead to his current
confinement. We also note that appellant testified at the termination hearing that he was to be released from prison in
2001, but because he "got into a fight," his release date was extended to 2003. 

We conclude this course of criminal activity constitutes a course of conduct that endangers the emotional well-being of the
children. See Trevino v. Tex. Dep't of Protective and Regulatory Servs., 893 S.W.2d 243, 251 (Tex. App.-Austin 1995, no
writ) (evidence of an appellant's criminal conviction, imprisonment, violent temper, inability to hold a job, drug use and
drug dealing displays course of conduct that endangers the emotional well being of children and supports termination under
former section 15.02(1)(E), now section 161.001 of the family code). Appellant repeatedly jeopardized his parental duties
by violating conditions of his probation, sustaining arrests for drug possession and burglary of a habitation, and fighting in
prison while being fully aware that these actions could result, and in fact did result, in revocation of his probation, his
confinement, and his extended confinement. See In re J.N.R.,982 S.W.2d 137, 142-43 (Tex. App.-Houston [1st Dist.]
1998, no pet.) (evidence sufficient to support termination when parent endangers emotional well-being of his children by
jeopardizing parental duties through engagement of criminal conduct that can lead to arrests and possible jail-time); Dep't
of Human Servs. v. Bowling, 833 S.W.2d 730, 733-34 (Tex. App.-Dallas 1992, no writ) (evidence showing father
consciously jeopardized parental duties by exposing himself to revocation and imprisonment constitutes conduct that
endangers child's emotional well-being). Accordingly, viewing the evidence in the light most favorable to the verdict, and
indulging every reasonable inference to the TDPRS's favor, we conclude this ground for termination is supported by legally
sufficient evidence.

Furthermore, after considering and weighing all the evidence, we conclude appellant's consistent inability to avoid criminal
activity implies a conscious disregard for parental responsibility. We hold the evidence that appellant engaged in conduct
that endangered the physical or emotional well-being of the children is not so weak or so against the great weight of the
evidence as to be clearly wrong or manifestly unjust. Therefore, the evidence is factually sufficient to support a finding that
appellant engaged in conduct that endangered the emotional well-being of his children. See In re J.N.R., 982 S.W.2d at
143. 

Because we conclude the evidence is legally and factually sufficient to support one of the grounds for termination under
161.001(1), we need not address whether the other grounds are supported by the evidence. See Tex. R. App. P. 47.1; Tex.
Fam. Code Ann. § 161.001(1) (Vernon Supp. 2001). Appellant's point of error is overruled.

The judgment of the trial court is affirmed. 





NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 12th day of July, 2001.

1. The parental rights of the children's mother were also terminated. However, no appeal has been filed on her behalf.

2. Appellant also contends the evidence was legally and factually insufficient to establish he (1) knowingly placed or
allowed his children to remain in conditions which endanger the well-being of the child; (2) failed to support the child in
accordance with his ability during a period of one year ending within six months of the date of filing of the petition; (3)
failed to comply with conditions of a court order; and (4) knowingly engaged in criminal conduct that has resulted in his
confinement and inability to care for the children not less than two years from the date of filing the petition. See Tex. Fam.
Code Ann. § 161.001(1)(D), (F), (O), (Q) (Vernon 2001).