

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00318-CV
_____

**IN THE INTEREST OF U.H.R., Y.H.R., AND J.M., CHILDREN**

_____

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 90,211-D-FM, Honorable Carry Baker, Presiding

_____

January 2, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

"Valerie"[1] appeals the trial court's order terminating her parental rights to her children, "Julie," "Joy," and "Joe." Valerie challenges the legal and factual sufficiency of the evidence supporting the grounds for termination of her parental rights. We affirm the judgment of the trial court.

---

[1] To protect the children's privacy, we will refer to the appellant mother as "Valerie," the children the subject of this appeal as "Julie," "Joy," and "Joe," and the father of Joe as "John." *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b).

Background

In June of 2017, the Texas Department of Family and Protective Services filed its petition for protection, conservatorship, and termination of parental rights of Valerie as to her twelve-year-old daughter, Julie, her ten-year-old daughter, Joy, and her eight-year-old son, Joe.[2] The children were removed from Valerie after the Department received a report of physical abuse of all three children and methamphetamine use by Valerie. At the time of the removal, the Department already had an open Family Based Safety Services case involving Valerie and the children due to Valerie's prior use of methamphetamine.

The Department's investigator interviewed the children. Julie told the investigator that Valerie "beat her with a belt" and "punched" her. At the time of the interview, the investigator observed a bruise on Julie's leg. Joy said that Valerie "drug her by her hair across the room" and hit her "all over." Joe said that Valerie spanked him and that he saw Valerie hit his sisters. During the investigation, Valerie admitted to using methamphetamine in the bedroom of her home while the children were present in the home.

The caseworker provided a family plan of service to Valerie to assist her in regaining custody of the children and the court ordered compliance with the plan requirements. According to the plan, Valerie was required to complete the following services: maintain a drug-free lifestyle and abstain from the use of illegal drugs; complete a substance abuse assessment with Outreach, Screening, Assessment, and Referral

---

[2] The parental rights of the fathers of all three children were also terminated in this proceeding. None of the fathers appealed.

(OSAR) and follow all recommendations; submit to random drug testing; participate in parenting classes; undergo a psychological evaluation; complete rational behavior therapy (RBT); participate in and complete the Women against Violence (WAV) program; attend individual counseling; locate and maintain stable housing; maintain legal employment; maintain contact with the Department; and attend weekly visitation with the children.

Valerie failed to maintain a drug-free lifestyle and she did not attend individual counseling, parenting classes, or participate in the WAV program. Valerie completed an initial OSAR assessment, participated in RBT, submitted to drug testing, maintained stable housing, and maintained contact with the Department until March of 2018. Valerie also consistently attended weekly visits with the children until March. On March 16, Valerie cancelled a visit with the children because of a domestic assault incident between her and John. Valerie told the caseworker that John busted her lip and gave her a black eye. On March 30, Valerie's visitation with the children was cancelled due to Valerie's continued drug use and physical violence between Valerie and John. At a court hearing on April 3, Valerie admitted to using drugs a couple of days before the hearing. After the hearing, John and Valerie argued and had to be separated and escorted out of the courthouse. The caseworker did not have contact with John or Valerie after the hearing on April 3 until the morning of the final hearing on June 12, 2018. Valerie was present when the case was called for trial at 11:00 a.m. and reset to 2:00 p.m. that afternoon. Valerie did not appear when the trial reconvened. The trial court waited almost thirty minutes before proceeding with testimony.

The children were placed with a maternal aunt in Amarillo. According to the caseworker, the children are thriving and happy. The children enjoy school and the Department has no concerns with the placement. The aunt intends to adopt all three children.

The trial court terminated Valerie's parental rights on the grounds of endangering conditions, endangerment, and failure to comply with a court order that established actions necessary to retain custody of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O) (West Supp. 2018).[3] The court also found that clear and convincing evidence demonstrated that termination was in the best interest of Julie, Joy, and Joe. *See* § 161.001(b)(2).

By her appeal, Valerie challenges the sufficiency of the evidence in support of the grounds for termination of her parental rights. She does not challenge the trial court's best interest finding.

## Standards of Review

When reviewing the legal sufficiency of the evidence in a termination case, the appellate court should look at all the evidence in the light most favorable to the trial court's finding "to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002). To give appropriate deference to the factfinder's conclusions, we must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do

---

[3] Further references to provisions of the Texas Family Code will be by reference to "section__" or "§ __."

so. *Id.* We disregard all evidence that a reasonable factfinder could have disbelieved or found to have been not credible, but we do not disregard undisputed facts. *Id.* Even evidence that does more than raise surmise or suspicion is not sufficient unless that evidence is capable of producing a firm belief or conviction that the allegation is true. *In re K.M.L.,* 443 S.W.3d 101, 113 (Tex. 2014). If, after conducting a legal sufficiency review, we determine that no reasonable factfinder could have formed a firm belief or conviction that the matter that must be proven was true, then the evidence is legally insufficient and we must reverse. *Id.* (citing *In re J.F.C.,* 96 S.W.3d at 266).

In a factual sufficiency review, we must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *In re J.F.C.,* 96 S.W.3d at 266. We must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the Department's allegations. *Id.* We must also consider whether disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. *Id.* If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

## Applicable Law

Involuntary termination of parental rights is a serious proceeding implicating fundamental constitutional rights. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). A parent's right to the "companionship, care, custody, and management" of his or her child is a constitutional interest "far more precious than any property right." *Santosky v.*

*Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *see In re M.S.,* 115 S.W.3d 534, 547 (Tex. 2003). Consequently, we strictly scrutinize termination proceedings and strictly construe the involuntary termination statutes in favor of the parent. *Holick,* 685 S.W.2d at 20. However, "the rights of natural parents are not absolute" and "[t]he rights of parenthood are accorded only to those fit to accept the accompanying responsibilities." *In re A.V.,* 113 S.W.3d 355, 361 (Tex. 2003) (citing *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1993)). Recognizing that a parent may forfeit his or her parental rights by his or her acts or omissions, the primary focus of a termination suit is protection of the child's best interest. *In re T.G.R.-M.,* 404 S.W.3d 7, 12 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

In a case to terminate parental rights by the Department under section 161.001 of the Family Code, the Department must establish, by clear and convincing evidence, that (1) the parent committed one or more of the enumerated acts or omissions justifying termination, and (2) termination is in the best interest of the children. § 161.001(b). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014); *In re J.F.C.,* 96 S.W.3d at 264. Both elements must be established, and termination may not be based solely on the best interest of the children as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987); *In re K.C.B.,* 280 S.W.3d 888, 894 (Tex. App.—Amarillo 2009, pet. denied). "Only one predicate finding under section 161.001[(b)](1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.,* 113 S.W.3d at 362. We will affirm

6

the termination order if the evidence is both legally and factually sufficient to support any alleged statutory ground the trial court relied upon in terminating the parental rights if the evidence also establishes that termination is in the children's best interest. *In re K.C.B.*, 280 S.W.3d at 894-95.

The clear and convincing evidence standard does not mean the evidence must negate all reasonable doubt or that the evidence must be uncontroverted. *In re R.D.S.*, 902 S.W.2d 714, 716 (Tex. App.—Amarillo 1995, no writ). The reviewing court must recall that the trier of fact has the authority to weigh the evidence, draw reasonable inferences therefrom, and choose between conflicting inferences. *Id.* The factfinder also enjoys the right to resolve credibility issues and conflicts within the evidence and may freely choose to believe all, part, or none of the testimony espoused by any particular witness. *Id.* Where conflicting evidence is present, the factfinder's determination on such matters is generally regarded as conclusive. *In re B.R.*, 950 S.W.2d 113, 121 (Tex. App.—El Paso 1997, no writ).

The appellate court cannot weigh witness credibility issues that depend on demeanor and appearance as the witnesses are not present. *In re J.P.B.,* 180 S.W.3d 570, 573 (Tex. 2005). Even when credibility issues are reflected in the written transcript, the appellate court must defer to the factfinder's determinations, as long as those determinations are not themselves unreasonable. *Id.*

Analysis

Valerie challenges the legal and factual sufficiency of the evidence to support the termination of her parental rights under section 161.001(b)(1)(D), (E), and (O). Although

only one statutory ground is required to support termination, *see In re A.V.*, 113 S.W.3d at 362, we find there is sufficient evidence of multiple grounds in this case to support termination. We will limit our analysis of the sufficiency of the evidence to that evidence supporting subsections (D) and (E).

A trial court may order termination of a parent-child relationship if the court finds by clear and convincing evidence that a parent has knowingly placed or knowingly allowed a child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child and/or engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child. § 161.001(b)(1)(D), (E). Both subsections (D) and (E) require proof of endangerment. To "endanger" means to expose the child to loss or injury; or to jeopardize the child's emotional or physical health. *Boyd,* 727 S.W.2d at 533. A child is endangered when the environment creates a potential for danger that the parent is aware of but consciously disregards. *J.S. v. Tex. Dep't of Family & Protective Servs.,* 511 S.W.3d 145, 159 (Tex. App.—El Paso 2014, no pet.). Endanger means more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, but it is not necessary that the conduct be directed at the child or that the child suffer injury. *In re N.K.,* 399 S.W.3d 322, 330-331 (Tex. App.—Amarillo 2013, no pet.).

While both subsections (D) and (E) focus on endangerment, they differ regarding the source of the physical or emotional endangerment to the children. *See In re B.S.T.*, 977 S.W.2d 481, 484 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Subsection (D) requires a showing that the environment in which the children are placed endangered the children's physical or emotional health. *Doyle v. Tex. Dep't of Protective & Regulatory*

8

*Servs.,* 16 S.W.3d 390, 394 (Tex. App.—El Paso 2000, pet. denied). Conduct of a parent or another person in the home can create an environment that endangers the physical and emotional well-being of children as required for termination under subsection (D). *In re W.S.,* 899 S.W.2d 772, 776 (Tex. App.—Fort Worth 1995, no pet.). Inappropriate, abusive, or unlawful conduct by persons who live in the children's home or with whom the children are compelled to associate on a regular basis in the home is a part of the "conditions or surroundings" of the children's home under subsection (D). *In re M.R.J.M.*, 280 S.W.3d 494, 502 (Tex. App.—Fort Worth 2009, no pet.). The factfinder may infer from past conduct endangering the children's well-being that similar conduct will recur if the children are returned to the parent. *Id.* Thus, subsection (D) addresses the children's surroundings and environment rather than parental misconduct, which is the subject of subsection (E). *Doyle,* 16 S.W.3d at 394.

Under subsection (E), the cause of the danger to the children must be the parent's conduct alone, as evidenced not only by the parent's actions, but also by the parent's omission or failure to act. *In re M.J.M.L.,* 31 S.W.3d 347, 350-51 (Tex. App.—San Antonio 2000, pet. denied); *Doyle,* 16 S.W.3d at 395. To be relevant, the conduct does not have to have been directed at the children, nor must actual harm result to the children from the conduct. *Dupree v. Tex. Dep't of Protective & Regulatory Servs.,* 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re E.P.C.*, 381 S.W.3d 670, 683 (Tex. App.—Fort Worth 2012, no pet.). The specific danger to the children's well-being need

9

not be established as an independent proposition, but may be inferred from parental misconduct.  *In re B.C.S.*, 479 S.W.3d 918, 926 (Tex. App.—El Paso 2015, no pet.).

The record reflects that the Department became involved with Valerie due to concerns of physical abuse and the use of methamphetamine in the home shared by Valerie and her three children.  The children were consistent in describing the physical abuse in the home.  Julie told the investigator that Valerie "beat her with a belt" and "punched" her.  Joy said that Valerie "drug her by her hair across the room," and hit her "all over."  Both children said the physical abuse was reoccurring.  Joe said he was "spanked" and that he witnessed his sisters being hit.  The caseworker testified to Valerie's admissions concerning her drug use and Valerie's prior history with the Department.  The trial court also heard evidence that Valerie admitted to drug use two months prior to the final hearing.  Although John was incarcerated for domestic violence when the children were removed, he moved in with Valerie after he was released from jail.  According to Valerie, there was an incident of physical violence between John and Valerie in March of 2018 that resulted in an injury to Valerie.  The caseworker testified that Valerie told her that John hit Valerie in her eye and busted her lip.  This incident led to Valerie canceling a scheduled visitation because she "didn't want to have to explain to the children what had happened to her."  On a subsequent occasion, John and Valerie engaged in an argument after a court hearing.  After the argument escalated, John was escorted out of the courthouse.

A parent's violent or abusive conduct can produce an environment that threatens a child's well-being.  *S.H.R. v. Dep't of Family & Protective Servs.,* 404 S.W.3d 612, 645 (Tex. App.—Houston [1st Dist.] 2012), *aff'd by, In re S.M.R.,* 434 S.W.3d 576 (Tex. 2014)

(Brown, J., dissenting). "Domestic violence, want of self[-]control, and propensity for violence may be considered as evidence of endangerment." *In re J.I.T.P.*, 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

In addition, the trial court could have considered Valerie's failure to complete significant requirements of her family service plan as part of the endangering conduct analysis under subsection (E). *See In re T.H.,* No. 07-07-00391-CV, 2008 Tex. App. LEXIS 6107, at *21-22 (Tex. App.—Amarillo Aug. 12, 2008, no pet.) (mem. op.); *In re R.F.,* 115 S.W.3d 804, 811 (Tex. App.—Dallas 2003, no pet.). The Department developed a service plan for Valerie and the trial court ordered her to comply with each of its requirements. The service plan required Valerie to participate in parenting classes and individual counseling to address personal issues surrounding the removal of her children. Significantly, Valerie failed to complete the services directly related to the reasons for the children's removal. Valerie failed to complete a drug assessment and recommendations concerning her drug use, and she did not participate in the WAV program to address concerns of domestic violence in the home.

Physical violence in the home leads to an unstable and unpredictable environment for children. *In re N.M.L.*, No. 07-17-00310-CV, 2018 Tex. App. LEXIS 607, at *14 (Tex. App.—Amarillo Jan. 19, 2018, pet. denied) (mem. op.). Valerie has not taken the necessary steps to remedy the instability of the home or to address the threat of her children being again subject to physical violence. The trial court could have reasonably inferred that, by continuing to live with John, Valerie would continue her pattern and practice of providing an unstable and abusive home for her children that has the potential to compromise their emotional and physical well-being.

The trial court could have been persuaded that the combination of methamphetamine use and domestic violence was conduct that produced an endangering environment. *Id.* The physical violence and use of methamphetamine that resulted in the children's removal support the trial court's finding of termination under subsections (D) and (E). The trial court was not required to ignore Valerie's report of history of drug use in considering endangerment, or Valerie's failure to complete court-ordered services which would have addressed domestic violence issues.

Having examined the entire record, we find that the trial court could reasonably form a firm belief or conviction that Valerie knowingly placed or knowingly allowed Julie, Joy, and Joe to remain in conditions or surroundings which endangered their physical or emotional well-being and engaged in conduct which endangered the children's emotional and physical well-being. The same evidence is factually sufficient to support the trial court's affirmative finding. Valerie's sole issue is overruled. Because only one statutory predicate ground is required to support termination when there is also a finding that termination is in the children's best interest, we need not address Valerie's challenge to the sufficiency of the evidence to support the trial court's finding of a statutory predicate ground under subsection (O). *See In re A.V.*, 113 S.W.3d at 362; *In re K.C.B.*, 280 S.W.3d at 894-95.

## Conclusion

Valerie only challenges the legal and factual sufficiency of the evidence to support the grounds for termination. She does not challenge the sufficiency of the evidence to support the best interest finding. After reviewing the entire record, we conclude that the

evidence is both legally and factually sufficient to support the trial court's termination of Valerie's parental rights under subsections (D) and (E). We overrule Valerie's sole issue. The judgment of the trial court terminating Valerie's parental rights is affirmed.


Judy C. Parker
Justice