*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



**MEMORANDUM OPINION**

No. 04-08-00186-CV

**IN THE INTEREST OF K.F.K.**, et. al, Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2007-PA-00899
Honorable Richard Garcia, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  August 31, 2009

AFFIRMED

This is an appeal from the trial court's order terminating Appellant Joseph Krist's parental rights to his children A.K., S.K., and H.K. (the children). Following a non-jury trial, the trial court terminated Krist's parental rights. Pursuant to section 263.405(b) of the Family Code, Krist timely filed a motion for new trial and statement of appellate points with the trial court. *See* TEX. FAM. CODE ANN. § 263.405(b) (Vernon 2009). The trial court denied the motion for new trial and found Krist's appellate points to be frivolous. *See id.* We affirm the order of the trial court.

On appeal, Krist asserts the trial court erred in terminating his parental rights based on Krist's (1) endangering the physical and emotional well-being of the children, (2) constructive

abandonment, and (3) failure to comply with court ordered action.  *See* TEX. FAM. CODE ANN. § 161.001(1)(E), (N), (O) (Vernon 2009).  Accordingly, Krist asserts the trial court erred in finding his appellate points frivolous.

## A.  Standards of Review

### 1.  Clear and Convincing Evidence

A trial court may involuntarily terminate the parent-child relationship if it finds by clear and convincing evidence that: (1) the parent has committed at least one of the grounds for involuntary termination in section 161.001(1) of the Texas Family Code, and (2) "termination is in the best interest of the child."  TEX. FAM. CODE ANN. § 161.001(1) (Vernon 2009); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005).  Although the two elements must be proven independently, "the same evidence may be probative of both issues."  *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002).

The Texas Legislature acknowledges that the termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by "clear and convincing evidence."  *See* TEX. FAM. CODE ANN. § 161.206(a) (Vernon 2009); *see also In re J.F.C.*, 96 S.W.3d 256, 264-65 (Tex. 2002).  Under the Family Code, clear and convincing evidence is defined as "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  TEX. FAM. CODE ANN. § 101.007 (Vernon 2009); *accord In re D.M.*, 58 S.W.3d 801, 806 (Tex. App.—Fort Worth 2001, no pet.).

### 2.  Legal and Factual Sufficiency

In a legal sufficiency review, an appellate court looks "at all the evidence in the light most favorable to the finding to determine whether a reasonable [fact-finder] could have formed a firm belief or conviction that its finding was true."  *In re J.F.C.*, 96 S.W.3d at 266; *In re J.L.*,

163 S.W.3d at 85. We assume disputed facts were resolved in favor of the verdict if it is reasonable to do so, and we disregard all evidence that could be reasonably disbelieved. *In re J.F.C.*, 96 S.W.3d at 266. To determine factual sufficiency, we consider the "evidence that the factfinder could reasonably have found to be clear and convincing," and we examine "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction" that the allegations are true. *Id*. (citing *In re C.H.*, 89 S.W.3d at 25). We also acknowledge that the State may use several factors to satisfy both the legal and factual sufficiency under different subsections of section 161.001(1). *See* TEX. FAM. CODE ANN. § 161.001(1) (Vernon 2009).

### 3. Review on Determination That an Appeal Would Be Frivolous

We review a trial court's determination that an appeal would be frivolous for an abuse of discretion. *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.—San Antonio 1998, no pet.) (en banc); *see also In re K.D.*, 202 S.W.3d 860, 866 (Tex. App.—Fort Worth 2006, no pet.). "In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial question for appellate review." TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); *see also De La Vega*, 974 S.W.2d at 154 (reiterating that an appeal is frivolous if it lacks an arguable basis in law or in fact).

## B. Texas Family Code Section 161.001(1)

### 1. Endangering the Physical or Emotional Well-Being of the Children

Under the Family Code, a Texas court may involuntarily terminate a parent's rights if the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon 2009). The Texas Supreme Court defines "endanger" as "to expose [a child] to loss or injury; to jeopardize." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531,

533 (Tex. 1987). While "'endanger' means more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the conduct be directed at the child or that the child actually suffers injury." *Id.*; *accord In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996). A parental course of "conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of a child." *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied); *see In re M.C.*, 917 S.W.2d 268, 270 (Tex. 1996) (per curiam) ("[N]eglect can be just as dangerous to the well-being of a child as direct physical abuse."). The parental course of conduct includes both the parent's actions and the parent's omissions or failures to act. *See In the Interest of B.S.T.*, 977 S.W.2d 481, 484 (Tex. App.—Houston [14th Dist.] 1998, no pet.), *disapproved of on other grounds by In re C.H.*, 89 S.W.3d at 26.

As Krist points out, imprisonment, standing alone, does not constitute "engag[ing] in conduct . . . which endangers the physical or emotional well-being of the child." *See* TEX. FAM. CODE ANN. § 161.001 (Vernon 2009). Yet, it is a fact properly considered on the issue of endangerment. *Boyd*, 727 S.W.2d at 533-34; *In the Interest of B.S.T.*, 977 S.W.2d at 485. More specifically, the State need not show incarceration was a result of a course of conduct endangering the child; it need only show incarceration was part of a course of conduct endangering the child. Thus, if the evidence, including imprisonment, proves a course of conduct that has the effect of endangering the child, the requirement of subsection (E) is met. *Boyd*, 727 S.W.2d at 533-34.

The State acknowledges that the district court designated the children's mother as the sole managing conservator at the time of the divorce. However, Krist did nothing to assist the children despite knowing the children's mother had a history of drug abuse, and that his

incarceration would leave the children basically homeless. Additionally, by his own admission, Krist committed a bank robbery, assaulted the children's mother, and violated a protective order. Based on our review of the entire record, we conclude that a fact-finder could reasonably form a firm belief or conviction that Krist engaged in conduct, and knowingly placed the children with persons who engaged in conduct, which endangered the physical or emotional well-being of the children. We, therefore, hold that the evidence is both legally and factually sufficient to support the trial court's findings under section 161.001(1)(E). *See In re S.B.*, 207 S.W.3d 877, 885 (Tex. App.—Fort Worth 2006, no pet.); *In re M.R.*, 243 S.W.3d 807, 819 (Tex. App.—Fort Worth 2007, no pet.).

    *2. Constructive Abandonment*

A court may base a termination of parental rights upon findings that the parent engaged in constructive abandonment of the child. TEX. FAM. CODE ANN. § 161.001(1)(N) (Vernon 2009). Establishing constructive abandonment under section 161.001(1)(N) requires the State to show that Krist constructively abandoned the children, the children had been in the temporary managing conservatorship of the State for not less than six months, and (1) the State made reasonable efforts to return the children to Krist; (2) Krist had not regularly visited or maintained significant contact with the children; and (3) Krist demonstrated an inability to provide the children with a safe environment. *See* TEX. FAM. CODE ANN. § 161.001(1)(N) (Vernon 2009); *In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.).

Here, Krist argues that he had significant contact with the children and, therefore, the State failed to prove that Krist's conduct met the requirements of section 161.001(1)(N)(ii). The State concedes that Krist wrote a couple of letters to the children while he was incarcerated. Yet, during this time, he has not actually seen his children and there is no record of the last contact he

had with his children. Thus, according to the record, the only contact Krist maintained with his children was sporadic letters, at best. Additionally, as previously discussed, Krist failed to provide a safe environment for his children during his incarceration, and more importantly, the record does not contain any evidence indicating when Krist might be released from the Texas Department of Criminal Justice or any testimony as to who would care for the children in Krist's absence. We, therefore, hold that evidence is both legally and factually sufficient to support the trial court's findings under section 161.001(1)(N). *See In re K.M.B.*, 91 S.W.3d at 25.

## C. Best Interest of the Children

Having determined that the trial court could have reasonably formed a firm belief or conviction that Krist engaged in conduct in violation of *at least one section* of Family Code section 106.001(1), we turn to the second prong for involuntary termination of the parent-child relationship: whether "termination is in the best interest of the child." *See* TEX. FAM. CODE ANN. § 161.001(2) (Vernon 2009). We analyze the evidence in support of the trial court's finding that termination of Krist's parental rights was in the best interest of the children. *See id.*; *In re J.L.*, 163 S.W.3d at 84.

To determine whether involuntary termination of the parent-child relationship is in a child's best interest we consider the *Holley* factors: (1) the child's desires; (2) the child's present and future emotional and physical needs; (3) the present and future emotional and physical danger to the child; (4) "the parental abilities of the individuals seeking custody"; (5) the programs available to those seeking custody to help "promote the best interest of the child"; (6) the plans those seeking custody have for the child; (7) "the stability of the home or proposed placement"; (8) "the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one"; and (9) any excuse for the parent's acts or omissions. *See*

*Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (listing factors to consider when deciding whether to involuntarily terminate a parent-child relationship). Although not an exhaustive list, the *Holley* factors focus on the best interest of the child rather than the best interest of the parent. *See Patterson v. Brist*, 236 S.W.3d 238, 240 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (citing the Family Code requirement that the "primary consideration" is "the best interest of the child").

The evidence at trial showed Krist was incarcerated and Krist provided no evidence of an impending parole date. By his own admission, Krist participated in a bank robbery, committed family violence, and violated a protective order. Additionally, the evidence supports that Krist has done nothing to provide for the children. The caseworker testified the children expressed a desire to be placed with the grandmother and the grandmother's willingness to undergo home visitations and requirements by the department. Both the caseworker and the counselor for the children testified it was in the best interest of the children for Krist's parental rights to be terminated. Thus, the trial court could have reasonably formed a firm belief or conviction that termination of Krist's parental rights was in the best interest of the children. *See Holley*, 544 S.W.2d at 371-72.

## CONCLUSION

"Only one predicate finding under [Family Code] section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest." *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Here, the evidence is legally and factually sufficient to support the trial court's finding of at least one of the statutory grounds for termination and its finding that termination is in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001 (Vernon 2009) (listing grounds for termination). We, therefore, hold the

trial court did not abuse its discretion in finding that Krist's appellate issues are frivolous. Accordingly, we affirm the order of the trial court.

Rebecca Simmons, Justice