**Affirm and Opinion Filed November 21, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-24-01128-CV

## IN THE INTEREST OF M.A.M., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-23-00720-W**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Molberg

Mother appeals the trial court's judgment terminating her parental rights to her daughter, M.A.M., and appointing the Texas Department of Family and Protective Services (Department) as M.A.M.'s managing conservator. Following a bench trial, the trial court found by clear and convincing evidence that statutory-endangerment grounds exist for terminating Mother's parental rights and that terminating Mother's parental rights was in M.A.M.'s best interest. *See* TEX. FAM. CODE §§ 161.001(b)(1)(D), (E); (b)(2). Mother's appointed appellate counsel filed a notice of appeal on Mother's behalf, and has since filed a brief, stating that in his

professional opinion the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders* procedures are appropriate in an appeal from a trial court's final order in a suit brought by the Department for the protection of a child, for conservatorship, or for parental-rights termination. *In re D.D.,* 279 S.W.3d 849, 8492014–50 (Tex. App.—Dallas 2009, pet. denied); *In re K.D.*, 127 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.). An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). Under the *Anders* procedure, if appointed counsel finds the appeal frivolous, counsel must file a brief explaining why the appeal lacks merit. *Anders*, 386 U.S. 744–45; *Schulman*, 252 S.W.3d at 407; *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998).

Mother's counsel and this Court provided Mother with a copy of the *Anders* brief and advised her of her right to examine the record and file her own response.[1] To date, Mother has not requested the record, nor has she filed a response. The Department filed a response stating it agreed with Mother's counsel that the appeal is without merit and that the *Anders* procedures have been properly followed.

In his brief, Mother's counsel demonstrated that he had reviewed the record and concluded the appeal was without merit and was frivolous. *See Anders*, 386

---

[1] Mother's physical address is unknown. Counsel and this Court notified Mother via email.

U.S. at 744. He states that in his professional opinion no arguable grounds for reversal exist and that any appeal would therefore lack merit. *See id.* Mother's counsel reviewed the trial court's decisions regarding the admission or exclusion of evidence, and he details the evidence supporting the findings against Mother, including her actions under subsections (b)(1) (D) and (E). Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See id.*; *Schulman*, 252 S.W.3d at 406–07.

We have conducted an independent review of the entire record, including the *Anders* brief submitted on Mother's behalf, and have found nothing in the record that might arguably support an appeal. Our review included the trial court's endangerment findings under subsections (b)(1) (D), and (E), and we have found no nonfrivolous issues that could be raised on appeal with respect to those findings.[2]

While both subsections (D) and (E) focus on endangerment, they differ regarding the source of the physical or emotional endangerment to the child. *See In re E.G.*, 643 S.W.3d 236, 251 (Tex. App.—Amarillo 2022, no pet.) (citing *In re B.S.T.*, 977 S.W.2d 481, 484 (Tex. App.—Houston [14th Dist.] 1998, no pet.)).

---

[2] The extent to which appellate courts must address termination under family code subsections 161.001(b)(1)(D) and (E) in the *Anders* context is unclear. *See In re N.G.*, 577 S.W.3d 230, 233–37 (Tex. 2019) (holding that due process and due course of law require appellate analysis of terminations under family code subsections 161.001(b)(1)(D) and (E)); *see also In re E.K.*, 608 S.W.3d 815, 815 (Tex. 2020) (Green, J., concurring in denial of petition for review) (stating that the issue of how *In re N.G.* applies in the *Anders* context is "an important question" the supreme court "should answer").

–3–

Subsection (D) addresses the child's surroundings and environment rather than parental misconduct, which is the subject of subsection (E). *In re E.G.*, 643 S.W.3d 251–52. Because the evidence pertaining to subsections 161.001(b)(1)(D) and (E) is interrelated, we may conduct a consolidated review. *Id*. at 252.

A parent's conduct that subjects a child to a life of uncertainty and instability endangers the child's physical and emotional well-being. *In re J.S.H.*, No. 05-24-00159-CV, 2024 WL 2348187, at *3 (Tex. App.—Dallas May 23, 2024, no. pet.) (mem. op. nunc pro tunc). And, while mental incompetence or mental illness alone are not grounds for termination, when a parent's mental state allows the parent to engage in conduct that endangers the child, that conduct has bearing on the trial court's decision to terminate. *See In re E.G.*, 643 S.W.3d at 253 (quoting *In re P.W.*, 579 S.W. 3d 713, 727 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also In re M.S.*, 662 S.W.3d 620, 630 (Tex. App—Beaumont 2023, pet. denied) (mother's unstable behavior and untreated mental-health issues are evidence of endangerment).

Here, there is ample evidence from which the trial court could have concluded Mother endangered M.A.M., including testimony regarding (1) Mother's long history of mental illness, including bipolar disorder, schizophrenia, and depression, and her failure to comply with her medication regimen; (2) a previous child that was removed from Mother's care and later adopted due to the same issues currently facing Mother and M.A.M.; (3) no notable changes in Mother's behaviors after completing certain court-ordered services; (4) Mother's inability to properly handle

and feed M.A.M.; (5) Mother's failure to comprehend M.A.M.'s age-appropriate abilities; (6) the condition of Mother's home; and (7) Mother's recent failure to visit with M.A.M. and her hostile reaction when contacted by the Department about visitation. The same evidence, along with evidence of M.A.M.'s positive placement with an adoption-motivated foster family, amply supports a conclusion that terminating Mother's parental rights is in M.A.M.'s best interest.

Mother's counsel requested that he be allowed to withdraw from representing appellant. In a termination-of-parental-rights case, counsel's duty to his client extends through the exhaustion of "all appeals." TEX. FAM. CODE § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016) (per curium) (holding that "exhaustion of appeals" includes all proceedings in the Texas Supreme Court, including filing of petition for review). A motion to withdraw in our Court may be premature unless good cause is shown. *In re Z.E.*, No. 05-22-01337-CV, 2023 WL 3595627, *7 (Tex. App.—Dallas 2023, pet. denied) (mem. op.). The Texas Supreme Court has held that "counsel's belief that the client has no grounds to seek further review from the court of appeals' decision" is not "good cause" sufficient to justify counsel's withdrawal. *See In re P.M.*, 520 S.W.3d at 27. We therefore must deny counsel's request to withdraw. If appellant chooses to pursue a petition for review to the Texas Supreme Court, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id*. at 27–28.

Having reviewed the record and *Anders* brief, we agree with Mother's counsel the appeal is without merit. Accordingly, we affirm the trial court's judgment.

241128f.p05

/Ken Molberg/

KEN MOLBERG
JUSTICE

## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF M.A.M., A CHILD

No. 05-24-01128-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC-23-00720-W.
Opinion delivered by Justice Molberg. Justices Nowell and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of November, 2024.